GEORGE W. EISEMANN AND ANNE E. EISEMANN, HUS-
BAND AND WIFE, PLAINTIFFS AND RESPONDENTS, v. FRANK
D. HAGEL ET AL., DEFENDANTS AND APPELLANTS.

No. 11965.
Submitted April 13, 1971.
Decided May 24, 1971.
485 P.2d 703.

Measure & Salansky, Kalispell, James M. Salansky, argued, Kalispell, for defendants-appellants.

Korn, Warden & Walterskirchen, Merritt N. Warden, argued, Kalispell, Murphy, Robinson, Heckathorn & Phillips, Kalispell, for plaintiffs-respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a summary judgment granted to plaintiffs in the District Court of the Eleventh Judicial District, County of Flathead, Hon. Robert Sykes, judge presiding.

The action involves a contract for deed entered into on October 24, 1966 between the plaintiffs George W. Eisemann and Anne E. Eisemann, husband and wife, respondents herein, as sellers and Lon L. Anderson and Elsiemae Anderson, husband and wife, as buyers of certain land located in Flathead County. On August 7, 1967, approximately a year after the original contract was entered into, the Andersons with the consent of plaintiffs, executed an assignment of the contract for deed to the defendants, Frank D. Hagel and Ethel Hagel, husband and wife, appellants herein. The land involved is described in metes and bounds and nowhere in the description is there any reference as to the acreage involved.

Thereafter, the defendants failed and refused to make the payments due under the contract for deed on the due dates of January 2, 1968 and August 2, 1968. Defendants also failed to pay the taxes on the land involved, as provided for by the contract.

On or about October 25, 1968, plaintiffs gave written notice of default to defendants, followed by an action filed in July 1969, to cancel and terminate the contract for deed and to reinvest plaintiffs with the title to the property involved. After considerable delay on the part of defendants, an answer and counterclaim was filed on March 10, 1970. In their answer and

counterclaim defendants attempted to set up a defense based upon alleged misrepresentation on the part of plaintiffs to the original buyers, the Andersons. No allegations at that time were made as to any misrepresentation by plaintiffs to defendants. In fact at this stage of the pleadings the defendants, in opposition to a motion to strike, stated that plaintiffs "did not repeat their previous misrepresentations made to the Andersons to the defendants."

However, after plaintiffs had filed motions to strike the answer of the defendants and for summary judgment, and the motion to strike had been granted, defendants filed an amended answer and counterclaim alleging reliance by the defendants directly on misrepresentation made by plaintiffs as to the amount of acreage contained in the purchase. Plaintiffs filed a motion to strike the amended answer and counterclaim, which was granted. Plaintiffs' motion for summary judgment was argued and granted on September 9, 1970. On the same date the trial court issued a memorandum explaining the granting of the summary judgment. Findings of fact and conclusions of law were made and judgment entered on September 11, 1970.

A number of issues are presented on appeal but we find one issue to be controlling: Was plaintiffs' motion for summary judgment properly granted?

Respondents make much of the delay and lack of diligence on the part of appellants and suggest that the judgment should be affirmed because of laches or by way of estoppel. Respondents base this argument on the proposition that the matters pleaded by appellants as an affirmative defense, set forth hereafter, were "not believable" or barred by laches or estoppel.

True, appellants did not proceed with dispatch; but, neither did respondents. Although in their pleadings, prior to amendment, the appellants alleged that respondents "did not repeat their previous misrepresentations made to the Andersons to the defendants," in Count One of the amended counterclaim there appears the following:

"That shortly prior to the time when defendants entered into the assignment hereinbefore referred to with Lon L. Anderson and Elsiemae Anderson, plaintiff George W. Eisemann, acting for himself and the agent of his wife, plaintiff Anne E. Eisemann, did represent to the defendants and to defendant Frank D. Hagel's father, Fred A. Hagel, acting as a representative of defendants, and to Douglas R. Johns Real Estate, agent for the defendants' assignors in said sale, that said property consisted of approximately 105 or 106 acres; that such representations were communicated to these defendants; that such representation was false and fraudulent; that said plaintiff knew or should have known that the property consisted of approximately 70 acres, or some other amount substantially less than the 105 or 106 acres represented  *  *  *.''

This pleading when considered along with the affidavit of Douglas R. Johns, filed May 12, 1970, in our opinion created a definite fact issue. The affidavit states:

"DOUGLAS R. JOHNS, being first duly sworn, on oath deposes and says: that he resides in Kalispell, Flathead County, Montana; that he is and has been for all times material herein a licensed realtor for said County and State; that he is personally acquainted and familiar with the real estate transaction between Lon L. Anderson et ux. and Frank D. Hagel et ux. during the month of August, 1967, and involving property in Section 23, Township 27 North, Range 19 West, Flathead County, Montana, to which George W. Eisemann et ux. had legal title to. That affiant received such listing of real estate from such Lon L. Anderson et ux. and was the agent for such sellers. That at such time affiant had also been contacted by said George W. Eisemann relative to a sale of such property, and said George W. Eisemann did represent to this affiant and to other persons in connection with such listing and possible sale, that such property description did consist of approximately 100 acres.''

We have previously referred to respondents' claim and the trial court's findings that the allegations about representa-

tions as to acreage by Eisemann directly to Hagel, coming in later as they did, are not worthy of belief or are barred by laches or estoppel. It appears from the record that the lapse of time between the first counterclaim containing no allegation of direct misrepresentation and the amended counterclaim containing an allegation of a direct misrepresentation was a period of about two months. We are not prepared to say, nor to agree with the trial court, that this is such a lapse of time as to raise laches or estoppel.

The amended allegation does then raise an issue of fact. The trial court found it not worthy of belief! Perhaps the proof will be difficult, but the allegation is made and a genuine issue of fact is presented.

Rule 56, M.R.Civ.P., Summary Judgment, in pertinent part provides:

"(c) *Motion and Proceedings Thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that *there is no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law. * * *" (Emphasis supplied.)

As previously noted, although this was a case where the trial court granted summary judgment, the trial judge issued findings of fact and conclusions of law. Respondents moved to dismiss the action on the basis that no exceptions were made to the findings of fact and conclusions of law relying on our rulings in In re Estate of Dolezilek, 156 Mont. 224, 478 P.2d 278; Olsen v. United Benefit Life Ins. Co., 150 Mont. 147, 432 P.2d 381; Rozan v. Rosen, 150 Mont. 121, 431 P.2d 870; Stapp v. Nickels, 150 Mont. 220, 434 P.2d 141. We find that such findings were both unnecessary and redundant under Rule 52, M.R. Civ.P., as amended, which states in part:

"* * * Findings of fact and conclusions of law are unnecessary on decisions with respect to motions made under

Rules 12 or 56, or any other motion except as provided in Rule 41(b), * * *'' See also Barron and Holtzoff, Federal Practice and Procedure, V. 3, § 1242, pp. 198, 201.

We find no merit in the motion to dismiss.

It is ordered that the findings of fact, conclusions of law, and decree dated September 11, 1970 be set aside, and that the judgment be vacated and the cause set for trial.

MR. JUSTICES HASWELL, DALY, and CASTLES, concur.