No. 14761

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

JERRY L. KRUSEMARK, as the successor
in interest of PARK VIEW MEMORIAL GARDENS,
INC., A Montana Corporation, and MEMORIAL
SERVICE, INC., A Montana Corporation,

                    Plaintiffs and Appellants,

        -vs-

MARLENE H. HANSEN, a/k/a MARLENE H. SPAIN,
ALAN R. CAPERS, PARK VIEW MEMORIAL CORPORA-
TION, and FIRST SECURITY BANK OF LIVINGSTON,
Montana,

                    Defendants and Respondents.

---

Appeal from:   District Court of the Sixth Judicial District,
               Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        McKinley Anderson argued and A. Michael Salvagni argued,
          Bozeman, Montana

    For Respondents:

        Crowley, Haughey, Hanson, Toole & Dietrich, Billings,
          Montana
        Jack Ramirez argued, Billings, Montana
        Landoe, Brown, Planalp, Kommers and Lineberger, Bozeman,
          Montana

---

                              Submitted:   September 25, 1979

                               Decided:  FEB 2 5 1980

Filed:    FEB 2 1980

Thomas J. Kearney
                                              Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiff appeals from a Park County District Court judgment granting summary judgment to the defendant. Summary judgment was granted because the plaintiff failed to file an opposition brief within the time limits provided by the local court rules of Park County District Court. The primary issue in this appeal is whether a trial court can take such action in light of the specific provisions set forth in the rule governing summary judgment in this state, Rule 56, M.R.Civ.P.

Plaintiff commenced this action on February 18, 1977 by filing a complaint in which he alleged that the defendant had mishandled certain trust funds established for the benefit of cemetery lot purchasers and that its fraudulent misrepresentations had induced the plaintiff to enter a contract for the bid and purchase of the Park View Memorial Gardens. The defendant filed a motion to dismiss and strike the complaint on the grounds that it was not a short and plain statement of the claim as required by Rule 8(a), M.R.Civ.P. The court granted this motion, and the plaintiff filed an amended complaint. The defendant's answer to the amended complaint denied the misapplication of trust funds, and pleaded the affirmative defenses of laches, the statute of limitations, and an alleged agreement by the plaintiff to release his claims against the plaintiff.

On September 25, 1978, the defendant filed a motion for summary judgment and a brief in support of the motion. Notice that the hearing was set for 11:00 a.m. on October 12, 1978 was filed on the following day, but the plaintiff received no actual notice of the hearing until the morning of October 12 when the defendant called plaintiff's counsel to inquire why no reply brief had been filed. The court held the hearing as

-2-

scheduled, but the defendant did not attend. At the conclusion of the hearing, the court issued an order stating that the matter would be submitted on briefs and that the defendant had until October 15, 1978 to file a reply brief. Copies of the order were mailed to the attorneys for both the parties. The plaintiff failed to file a brief in opposition to the motion and for this failure the trial court invoked Rule 3 of the local rules for the District Court, and granted summary judgment to the defendant. Plaintiff has appealed the court's judgment.

Plaintiff contends that he was entitled to a hearing on defendant's motion and to notice of the time and date of the hearing. He also contends that the trial court erred in basing its order for summary judgment on plaintiff's failure to comply with the time limits set out in Rule 3 for filing briefs in opposition to a motion.

Plaintiff's last contention is dispositive of this appeal. Rule 3 states in part that a party opposing a motion has ten days after filing and service of the moving party's brief to serve and file a reply brief. A party who fails to file a reply brief admits that the motion is well taken. The trial court granted summary judgment to the defendant because the plaintiff did not file and serve an opposing brief within the time limits of Rule 3. We conclude, however, that Rule 3 does not apply to motions for summary judgment.

Each District Court, upon the agreement of a majority of its judges, has authority to make rules governing its practice. However, the District Courts have no authority to enact rules inconsistent with Montana Rules of Civil Procedure. If Rule 3 conflicts with this state's rules of procedure, the state rules will control. See Rule 83, M.R.Civ.P. Our conclusion is Rule 3 is inconsistent with Montana rules of procedure governing summary judgment.

-3-

Rule 3 allows the adverse party only ten days after service and filing of the moving party's brief to file a reply brief. If this rule is applied to a summary judgment motion, it would require a party to file a brief in opposition to the motion within ten days after the motion was served and filed. Under Rule 3, the failure to file a timely brief is an admission that the motion is well taken. Thus, if a party failed to file a brief within ten days of the time a motion for summary judgment was served and filed, the court could deny him the opportunity to file any further materials in opposition to the motion. Under these circumstances, Rule 3 would authorize the court to grant summary judgment even though a hearing may have been scheduled for a later date.

This state's procedural rules concerning summary judgment are contained in Rule 56, M.R.Civ.P., which provides:

> "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits.. . ." Rule 56(c), M.R.Civ.P.

Rule 56(c) contemplates that the adverse party can file opposing materials up to the day of the hearing. Since Rule 3 would deny this right to an adverse party who has not filed a timely brief, it cannot be applied to Rule 56 motions.

Rule 3 is also inconsistent with the basic function of the trial court in reviewing motions for summary judgment. Rule 56 places the burden of proof on the moving party to establish the absence of any genuine issue of material fact. Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613. The court has a duty under Rule 56 to deny a motion for summary judgment when there is any doubt whether a factual question exists. Cheyenne Western Bank v. Young (1978), _____ Mont. _____, 587 P.2d 401; See also, Bahm v. Dormanen (1975), 168 Mont. 408, 543 P.2d 379.

-4-

Rule 3 undermines the court's function to the extent that it deflects the court's attention from considering whether factual disputes exist and directs it solely to the question of whether a reply brief has been filed within the ten day period permitted by Rule 3.

Although unnecessary to the decision we make here, we feel constrained to discuss plaintiff's contention that he was denied a reasonable opportunity to oppose defendant's motion for summary judgment because he was not given notice of the date and time for the hearing on the motion. This contention is patently specious.

Although defendant's summary judgment motion did not set forth a date and time for the hearing on the motion, service of the motion certainly gave counsel notice of a pending motion. Plaintiff's counsel not only did not file any material in opposition to this motion, but he also failed to make any inquiries concerning the status of the motion. Approximately two weeks later, defense counsel called plaintiff's counsel and asked him why he had not filed a brief in opposition to the motion for summary judgment. It was through this conversation that defense counsel told plaintiff's counsel that the hearing was set for the same day. Assuming that plaintiff's counsel was not obligated to attend the hearing set for that date since he had no notice, nonetheless he made no attempt to postpone or continue the hearing.

A hearing of sorts took place, in the absence of plaintiff's counsel. A simple telephone call to the court could have explained the circumstances. Nor can we determine that plaintiff was at all prejudiced by any kind of hearing that took place that day. Within a short interval after the hearing, the trial court notified plaintiff's counsel that his brief in reply to the defendant's brief and motion for summary judgment was due on October 15 and that the motion would be deemed submitted on October 16. Plaintiff's counsel took no action whatsoever. He did not

file a reply brief and he did not bother to contact the trial court and opposing counsel to attempt to get some understanding of the procedural problems. Indeed, the trial court did not grant summary judgment until November 6, and by this time he still had not received any brief from the plaintiff. Although it was in error, it is not surprising that the trial court granted summary judgment on the basis of local court Rule 3. Counsel for plaintiff clearly invited this decision.

Under these circumstances we do not believe that counsel for the plaintiff can seriously contend that he was not given an opportunity to respond to defendant's motion for summary judgment. Indeed, two or three telephone calls would probably have eliminated the need for the present appeal.

Defendant admits that some very real procedural problems exist in this case, but nevertheless it urges this Court to review the record ourselves and determine whether or not there exists a question of material fact. Defendant contends, of course, that there is no question of material fact and thus that it is entitled to judgment as a matter of law. We decline to undertake this review. It is not our function to make this initial determination.

The order for summary judgment is reversed and this cause is remanded to the District Court for further proceedings consistent with this opinion.

_____
Justice

We Concur:

-----------------------------
Chief Justice
_____
_____
_____
Justices

Mr. Chief Justice Frank I. Haswell concurs in the result but not in all that is said in the foregoing opinion.

- 6 -

_____
Chief Justice