No. 84-233

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984



DONALD D. TODD and ROSALIE M. TODD,

        Plaintiffs and Respondents.

   -vs-

HARVEY F. BERNER and ALICE V.
BERNER,

        Defendants and Appellants.



APPEAL FROM:  District Court of the Sixth Judicial District,
               In and for the County of Sweet Grass,
               The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gregory O. Morgan, Bozeman, Montana

    For Respondent:

        Josephson & Fredricks; Conrad B. Fredricks, Big Timber,
        Montana



Submitted on Briefs: Sept. 27, 1984

Decided:  December 28, 1984

Filed:    DEC 28 1984

_Ethel M. Harrison_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal for the District Court of the Sixth Judicial District of the State of Montana, in and for the County of Sweet Grass, involving a rescission of a contract for the purchase of a ranch. We affirm.

In November of 1981, the respondents, Todds and defendants, Berners entered into an agreement, whereby the Berners agreed to purchase the Todds' ranch for a total purchase price of $2,250,000, with a 29% down payment and the balance to be carried on the contract for deed by the sellers (Todds) at 11% on all but $300,000 thereof for a period of twenty years with a ten-year balloon. Marjorie Sizemore, a real estate agent, represented both parties in this transaction. Provisions were included to accommodate a "three-cornered exchange" of the Berners' Round River Ranch if desired by the Berners. On the same date, Bob Siebrasse and Sons made an offer to the Berners on the Round River Ranch and deposited an earnest money check for $100,000 with Lyle Watson Realty. This information had been communicated to the Berners through their real estate agent, Marjorie Sizemore, before the Berners signed the agreement with the Todds. The offer by Bob Siebrasse and Sons on the ranch was entirely consistent with the listing agreement that the Berners had signed on their ranch. The sale of the Berners' Round River Ranch fell through one month later, through no fault of the Todds.

On February 3, 1982, the Berners met with the Todds and Margorie Sizemore in Billings, Montana. The Berners' brief indicates, "At that time they (Berners) felt they owed Todds something for their (Todds') hospitality and showing them (Berners) around the ranch." The Todds felt they had a lot

2

more coming and asserted to the Berners that they had consulted an attorney and were entitled to the $100,000 downpayment agreed upon in the contract. The Todds got the Berners to sign a note in the amount of $32,500 to avoid a suit over the $100,000 downpayment. At that same time the agreement between the Todds and the Berners was marked "Void" and initialled by both parties. Thereafter the Berners refused to pay the note when due, and this action ensued.

The Todds filed a complaint to recover on the promissory note executed and delivered to them by the Berners. Thereafter, the Berners interposed an answer, raising two affirmative defenses seeking rescission of the promissory note. Depositions were taken and the Todds filed a motion for summary judgment. No response to the motion for summary judgment was filed by the Berners. Neither the Berners nor their attorney appeared at the hearing on the motion. At that point the Todds presented their argument for summary judgment and the court took the motion under advisement. Thereafter, on March 15, 1984 the court, ex parte, entered an order giving the Berners until March 26 to respond to the motion by brief and allowing the Berners to present oral argument on the motion on March 29, 1984.

The Berners filed a motion for leave to file a third-party complaint against Marjorie Sizemore. On March 29, 1984, the motion for summary judgment of the Todds was again argued to the court, with the Berners' counsel present. On March 30, 1984, the trial court granted Todds' motion for summary judgment, denied motion for leave to file a third-party complaint against Sizemore and this appeal ensued.

Three issues are presented for review:

3

Hon. John C. Harrison
Justice, Supreme Court
Room 414 Justice Building
215 North Sanders
Helena, Montana 59620

CORRECTION. In preparing this opinion for publication, we noted in our verification of titles and citations the matters listed below. Corrections have been made on our copy of the opinion.

January 25, 1985

Todd v. Berner, No. 84-233, Dec. 28, 1984

Page 4, line 4 from bottom --- 280 P. 761 should read 228 P. 761.

Page 7, line 11 from bottom --- section 28-2-1725 should read section 28-2-1715.

OK .

WEST PUBLISHING COMPANY
Box 43526
St. Paul, MN 55164

(1) Does mistake or fraud as to the enforceability of the buy/sell constitute grounds for rescinding or voiding the compromise and settlement?

(2) Are facts regarding fraud and/or mistake in dispute which prevent summary judgment?

(3) Should the third-party complaint have been permitted?

It should be noted that the respondents, Todds, filed a complaint to recover on a promissory note executed and delivered to them by the defendants, Berners. Thereafter, the Berners interposed an answer, raising two affirmative defenses seeking rescission of the promissory note. Depositions were taken of the Todds and Marjorie Sizemore. The Todds then filed a motion for summary judgment and served the same within ten days before the time fixed for the hearing. As previously noted, there was no response to the Todds' motion for summary judgment by the Berners and neither they nor their attorney appeared. However the court, upon learning the facts why the appellants' counsel overlooked this matter, allowed Berners' counsel to present a brief and argue against the granting of summary judgment.

While the Todds argue the District Court erred in allowing the Berners to submit briefs and argue the summary judgment motion of the Todds late, we note there are no Montana cases on point in this matter. However, several cases such as Foster Apiary, Inc. v. Hubbard Apiaries, Inc., (Mont. 1981), 630 P.2d 1213, 38 St.Rep. 1025; Pacific Acceptance Corp. v. McCue (1924), 71 Mont. 99, 228 P. 761; and Robinson v. Peterson (1922), 63 Mont. 247, 206 P. 1092, recognized that there is judicial discretion involved by the trial court and it may set aside a judgment committed in

4

error or because of excusable neglect under Rule 60(b), M.R.Civ.P.

For the above reason we find no merit in the argument of respondents that the trial court erred in allowing appellants to brief and argue the point.

We find, however, it is clear from the depositions that appellants issued and delivered the promissory note, which is the subject of this action, as a compromise settlement of the respondents' claims against the appellants, arising from an agreement of the Berners to buy the Todds' ranch. Whether or not the "earnest money receipt and agreement to sell or purchase," considered as an exhibit to the depositions, might have ultimately been proved, after litigation, to be unenforceable against appellants is immaterial under the circumstances.

We find the relinquishment of the Todds' claim against the Berners, even though the claim may not have been ultimately proved valid, is sufficient consideration of the promissory note. See Murray v. White (1910), 42 Mont. 423, 113 P. 754, and Brown v. Jennett (Iowa 1906), 106 N.W. 747.

The court found the Todds were in good faith when they alleged they had a valid claim under the "earnest money receipt and agreement to sell and purchase" referred to in the depositions. Whether this good faith on their part came from the fact that they consulted an attorney or not, the record indicates the contract was enforceable against both parties. As the record indicates if the Todds had not felt they had an enforceable agreement, they would not have sold their cattle; they would have kept their hay; they would not have dispossessed their tenants; and they would not have

5

taken their ranch off the market. See 15A Am.Jur.2d Compromise and Settlement, §§ 16 and 17 at 789, 790.

The appellants argue the stake neutral to the parties as to the enforceability of a buy/sell was material to the compromise and settlement between the two parties. They argue that the Todds could not, in good faith, assert the validity of the buy/sell and Berners would not agree to pay $32,500 unless they thought the buy/sell was enforceable. The validity of the buy/sell was the substance upon which the compromise was based.

Appellants further argue there was fraud as a grounds for the rescission of the compromise and settlement. In Rogers v. Swingley (Mont. 1983) 670 P.2d 1386, 40 St.Rep. 1676, this Court reversed a summary judgment in an action based upon a compromise of a written lease which was replaced with a promissory note. We find the above case not applicable in view of the fact there is no showing of any fraud in the procurement of the agreement between the two parties.

As to the second defense in the Berners' answer, they allege there was a mutual mistake upon which the "promissory note" could be rescinded. However, nowhere in the complaint do the Berners allege, nor is anything revealed in the depositions and admissions before the court, that they complied with the pertinent statutes with regard to any rescission.

Section 28-2-1713, MCA, is specific with regard to rescission, and provides as follows:

> "Rescission, when not effected by consent, can be accomplished only by the use on the part of the party rescinding of reasonable diligence to comply with the following rules:
>
> "(1) He must rescind promptly upon discovering the facts which entitle him to rescind if he is free from duress,

6

> menace, undue influence, or disability
> and is aware of his right to rescind.
>
> "(2) He must restore to the other party
> everything of value which he has received
> from him under the contract or must offer
> to restore the same, upon condition that
> such party shall do likewise, unless the
> latter is unable or positively refuses to
> do so."

Here there is no allegation or showing that the Berners used reasonable diligence to comply with the statute. There is no allegation or proof that the defendants rescinded promptly upon discovering the fact which allegedly entitled them to rescind. As noted by the trial court in its order granting the plaintiffs' motion for summary judgment, the Berners took no legal action to dispute this note until the Todds filed suit.

In addition, there is no allegation or proof that the Berners have restored to the Todds everything of value which the Berners received from them under the contract, or that the Berners offered to restore the same as provided by statute.

Further, concerning the second defense of the Berners, section 28-2-1715, MCA, provides: "Rescission cannot be adjudged for mere mistake unless the party against whom it is adjudged can be restored to substantially the same position as if the contract had not been made."

It should be noted there is no allegation or proof before the District Court that the Todds can be restored to substantially the same position as if the promissory note had not been made.

For the foregoing reasons alone, the District Court was correct in granting the Todds' motion for summary judgment and its ruling is affirmed.

7

In addition, it should be noted in the second defense of the Berners' answer, the Berners admit in their brief that the promissory note was a compromise settlement of the Todds' claim on the buy/sell. Whether or not the buy/sell was enforceable or might ultimately prove, after litigation, to be unenforceable against the Berners is immaterial.

The relinquishment of the Todds' claim on the buy/sell, even though the claim might not have ultimately proved valid, is sufficient consideration for the promissory note and the court so found.

From the depositions of the parties, it is clear that at the time of the compromise and settlement--the promissory note with which this litigation is concerned--the Berners felt they owed the Todds something for the Todds' hospitality in showing them the ranch. The Todds felt they had much more coming to them which resulted in the compromise note.

In addition, it would appear the Berners' argument in their brief to the court regarding the enforceability of the buy/sell agreement, is not only misleading but inaccurate. The terms of the sale of the ranch were specified with specific certainty: The purchase price was $2,250,000. The land sold was sufficiently described. The downpayment, 29% of the purchase price, was provided for. The balance of the purchase price was to be carried on a contract for deed payable on a twenty-year amortization basis with a ten-year balloon. Interest on all but $300,000 of the balance of the purchase price was set at 11%. The $300,000 was an assumption of a contract with the Todds' predecessor in interest and it was to carry the same interest rate as the underlying contract of 8%.

In addition it should be noted that as to the appellants' fraud argument, the District Court in an "Explanatory Note" granted the motion for summary judgment and stated: "I further conclude that there are no facts showing fraud or misrepresentation on plaintiffs [sic] part ascertainable from the entire record so as to give defendants a valid defense to the promissory note."

From the record, we find the court made no error in so finding.

The third issue is whether the third-party complaint should have been permitted by the trial court. Having found the trial court did not err in granting summary judgment, we find it unnecessary to discuss this issue. That matter can be disposed of by the appellants in any further action they desire.

The judgment of the District Court in granting summary judgment is affirmed.

_____
Justice

We concur:

_____

_____
Justices

Mr. Justice Fred J. Weber, specially concurring:

I concur in the result.

_____
Justice

9