No. 88-407

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

RUTH M. COLE, and the COLE RANCH,

Plaintiffs and Appellants,

vs.

FLATHEAD COUNTY, a political subdivision of the State of Montana, et al.,

Defendants and Respondents.

APPEAL FROM:   The District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

Patrick M. Springer, Kalispell, Montana

        For Respondent:

Ted O. Lympus, Flathead County Attorney, Kalispell, Montana
Jonathan B. Smith, Deputy County Attorney, Kalispell, Montana
Samuel M. Warren; Worden, Thane & Haines, P.C., Missoula, Montana

Submitted on Briefs: December 9, 1988

Decided: March 13, 1989

_____
                    Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Ruth M. Cole and the Cole Ranch appeal from an order of the District Court, Eleventh Judicial District, Flathead County, granting summary judgment against them on their claim against the county. The judgment was granted in part because the Coles had failed to file an answer brief opposing the motion within the time provided by Rule 2, Montana Uniform District Court Rules.

After the order for summary judgment was granted, Ruth M. Cole and the Cole Ranch (Coles) moved the District Court to reconsider its order and requested oral argument. The District Court denied the motion for reconsideration, relying in part on its local rule, which in effect denies oral argument on motions unless oral argument is specifically applied for with sufficient points to show the District Court that briefs alone are insufficient to advise it fully of the parties' contentions.

This opinion treats of the interplay between Rule 56, M.R.Civ.P., Rule 2, Montana Uniform District Court Rules, and the local rule regarding oral argument.

The issues for review are:

1. Whether the time provisions of Rule 2, Montana Uniform District Court Rules (MUDCR) are applicable to a motion for summary judgment under the provisions of Rule 56, M.R.Civ.P.;

2. Whether a party is entitled to rely upon the setting of a hearing for oral argument upon a motion for summary judgment; and,

3. Whether there is conflict between the Montana Uniform District Court Rules, the Montana Rules of Civil

Procedure and the local Policies and Procedures of the Eleventh Judicial District Court, which relate to granting oral argument on motions before the District Court.

The facts of this appeal are primarily procedural and deal with the filing dates of the pleadings and the application by the District Court of the Uniform District Court Rules, its local policy and the Montana Rules of Civil Procedure.

The case arises from the alleged tortious conduct by agents of Flathead County in connection with the criminal prosecution of the plaintiff, Ruth Cole, which resulted in a mistrial in the Flathead County Justice Court. The Flathead County Attorney chose not to retry the matter, and the charges were dismissed.

Motions for summary judgment were filed by the defendants on February 8, February 11, and February 29, 1988. These motions were granted on April 28, 1988, by the court, on the grounds that the plaintiffs had not filed a responsive brief to the motions within the ten days prescribed by Rule 2, MUDCR. On May 9, 1988, the plaintiffs filed a motion to set aside the order granting summary judgment to the defendants and requested oral argument. On June 6, 1988, the District Court denied the plaintiffs' motion. Thereupon, this appeal followed.

I.

Are the time provisions of Rule 2, MUDCR, applicable to motions for summary judgment pursuant to Rule 56, M.R.Civ.P.?

The MUDCR became effective June 1, 1987. Rule 2, at issue in this case, is as follows:

> Rule 2. Motions.
>
> (a) Upon filing a motion <u>or within five days thereafter</u>, the moving party shall file a brief. The brief may be

3

accompanied by appropriate supporting documents. Within ten days thereafter the adverse party shall file an answer brief which also may be accompanied by appropriate supporting documents. Within ten days thereafter, movant may file a reply brief or other appropriate responsive documents.

(b) Failure to file briefs. Failure to file briefs may subject the motion to summary ruling. Failure to file a brief within five days by the moving party shall be deemed an admission that the motion is without merit. Failure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken. Reply briefs by movant are optional, and failure to file will not subject a motion to summary ruling.

(c) Oral argument. The court may order oral argument sua sponte or upon application of a party.

(d) When motion deemed submitted. Unless oral argument is ordered or unless the time is enlarged by the court, the motion is deemed submitted at the expiration of any of the applicable time limits set forth above without supporting briefs having been filed.

If oral argument is ordered, the motion will be deemed submitted at the close of argument unless the court orders additional briefs, in which case the motion will be deemed submitted as of the date designated at the time for filing the final brief.

(e) In the event of conflict, the Montana Rules of Civil Procedure shall control. Time computation shall be governed by Rule 6(a), M.R.Civ.P. (Emphasis added.)

4

In this case, the defendants moved the court for summary judgment in their favor, pursuant to Rule 56(c), M.R.Civ.P. That rule is in accord with its federal counterpart, and with respect to subsequent procedures provides:

Rule 56(c). Motion and proceedings thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. (Emphasis added.)

The purpose and effect in Montana of Rule 56, M.R.Civ.P. are well-settled. Its purpose is to dispose promptly of actions in which there is no genuine issue of fact. Silloway v. Jorgenson (1965), 146 Mont. 307, 406 P.2d 167. The formal issues presented by the pleadings are not controlling and the District Court must consider the evidentiary materials listed in Rule 56(c), and any other evidentiary matter to determine whether there exists a genuine issue of material fact. Hager v. Tandy (1965), 146 Mont. 531, 410 P.2d 447. Oral testimony at the hearing may properly be considered on motions for summary judgment. Citizens State Bank v. Duus (1969), 154 Mont. 18, 459 P.2d 696; Daniels v. Paddock (1965), 145 Mont. 207, 399 P.2d 740. If genuine issues of fact exist, an order deciding the fact issues on a motion for summary judgment is improper. Hull v.

D. Irvin Transport (1984), 213 Mont. 75, 690 P.2d 414. We have held that a district court did not err by allowing defendants later to submit briefs and argue plaintiffs' summary judgment motion when defendant's counsel originally overlooked the motion. Todd v. Berner (1984), 214 Mont. 263, 693 P.2d 506.

Since the purpose of summary judgment is to encourage judicial economy by eliminating unnecessary trials, a grant of summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The movant has the burden of showing a complete absence of any genuine issue as to all facts considered material in light of the substantive principles that entitle the movant to a judgment as a matter of law, and all reasonable inferences that may be drawn from the offer of proof are to be drawn in favor of the opposing party. Cereck v. Albertsons, Inc. (1981), 195 Mont. 409, 637 P.2d 509.

Of course, when the record, as made by the movant, discloses no genuine issue as to any material fact, the burden then shifts to the party opposing the summary judgment motion to present evidence of a material and substantial nature raising a genuine issue of fact. Mayer Bros. v. Daniel Richard Jewelers, Inc. (Mont. 1986), 726 P.2d 815, 43 St.Rep. 1821.

When all is said and done, the essential question for the District Court in deciding a motion for summary judgment either for the plaintiff or for the defendant is whether there exists a genuine issue of material fact. That inquiry does not admit of decision merely on a technical point, such as whether briefs have been filed on time.

We had a similar question before this Court, before the adoption of the MUDCR, in Krusemark v. Hansen (1980), 186

6

Mont. 174, 606 P.2d 1082. In that case, a local district court rule provided that if a reply brief had not been filed within a ten-day period, the motion was deemed well taken. Relying on the local rule, the District Court had granted summary judgment. On appeal, this Court said:

> Rule 56(c) contemplates that the adverse party can file opposing materials up to the day of the hearing. Since Rule 3 would deny this right to an adverse party who has not filed a timely brief, it cannot be applied to Rule 56 motions.
>
> Rule 3 is also inconsistent with the basic function of the trial court in reviewing motions for summary judgment. Rule 56 places the burden of proof on the moving party to establish the absence of any genuine issue of material fact. [Citing authority.] The court has a duty under Rule 56 to deny a motion for summary judgment when there is any doubt whether a factual question exists. [Citing authority.] Rule 3 undermines the court's function to the extent that it deflects the court's attention from considering whether factual disputes exist and directs it solely to the question of whether a reply brief has been filed within the ten day period permitted by Rule 3.

Krusemark, 606 P.2d at 1084.

The defendants in this case contend that Krusemark is not applicable because that case preceded the adoption of the MUDCR. However, the local rule considered in Krusemark is substantially the same as Rule 2, MUDCR, and the effect of application of Rule 2 is the same as the application of the local rule in Krusemark. Under Rule 2(e), MUDCR, in the event of conflict, the Montana Rules of Civil Procedure control. We hold therefore that the procedure to be followed on motions for summary judgment must conform to the provisions of Rule 56, M.R.Civ.P.

## II.

We combine our discussion of the second and third issues raised by the plaintiffs, since both issues relate to

7

oral argument and the necessity of a hearing in connection with a motion for summary judgment.

Rule 56(c) provides that when either a plaintiff or a defendant moves for summary judgment, "the motion shall be served at least ten days before the time fixed for the hearing." Since, in this case, the last of the defendants' motions for summary judgment was filed on February 29, 1988, and the District Court did not rule on the motions until April 28, 1988, it is obvious that any party could have applied to the District Court for a hearing, although ordinarily the movant would undertake that responsibility. The parties, however, may have been deterred by the provisions of Policies and Procedures dated January 11, 1988, adopted by the presiding district judge. With respect to oral argument, that Policy stated:

> 2. <u>Oral argument</u>. Although these rules (and our customs) have long permitted oral arguments, you will probably find it quite possible, and even surprisingly easy, to submit your arguments comprehensively and as persuasively as you can be through a brief, without the need to supplement the same in person, or to say again in open court what has been said well enough in your brief. Therefore, unless I am satisfied that oral argument would be beneficial (in which case I may call for it, <u>sua</u> sponte), my practice will be to discourage this occasionally wasteful use of the Court's (and your) time, and to require full-fledged compliance with Rule 2(c) and (d), Uniform Rules. By "full-fledged," I mean your application for leave to present oral argument must be couched in specific terms, to show me that briefs alone are insufficient to advise me fully of your client's contentions and all relevant points of law.

The objective of Rule 2 of the foregoing local policy of the District Court is not unworthy. With respect to ordinary motions not involving Rule 56, the local policy undoubtedly serves to save the time of the court and to

8

expedite decisions on motions. However, under Rule 56(c), a hearing is contemplated from which the district court will consider not so much legal arguments, but rather whether there exists genuine issues of material fact. Moreover, it is permissible under Rule 56 for the District Court to receive affidavits on the day of the hearing and to take oral evidence, as has been indicated above. In connection with oral argument on a Rule 56 motion under the federal counterpart, the Court of Appeals for the Ninth Circuit held in Dredge Corp. v. Penny (9th Cir. 1964), 338 F.2d 456, 461-462, as follows:

> Rule[s] 56(c), 78 and 83, read together, authorize district courts to provide by a rule that a party desiring oral argument on a motion for summary judgment must apply therefore, in the absence of which oral argument will be deemed to have been waived. Such a local rule was involved, and upheld, in Bagby v. United States [(8th Cir. 1952), 199 F.2d 233].

In view of the language of Rule 56(c), and having in mind that the granting of such a motion disposes of the action on the merits, with prejudice, a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied. Even when a party is entitled to oral argument, as a general proposition there will be general circumstances when a court may properly terminate oral argument or even dispense with it and deem the right waived. 6 Moore's Federal Practice, 56.145[1], at 56-193 (1988).

We hold, therefore, that unless the right to a hearing on a Rule 56 motion is specifically waived by all parties (and not waived simply by the failure to file briefs) either the movant or the adverse parties are entitled to a hearing under Rule 56 in the ordinary case. There may be an occasion

when under the law and the facts adduced, the movant would be so clearly entitled as a matter of law to a summary judgment that a district court might by order dispense with the necessity of a hearing. That, however, is not the kind of order presented to us here.

In this case, the District Court made findings of fact in connection with its decision on summary judgment in which it "reviewed the record and the applicable law in a light most favorable to the plaintiffs (in the absence of their objection) . . .." The District Court did conclude that by failing to file responsive briefs, the plaintiffs had admitted the defendants' motions were well taken. Nowhere in the findings of fact or conclusions of law is there a statement that there is no genuine issue of material fact. Findings of fact and conclusions of law are unnecessary in decisions with respect to motions made under Rule 12, Rule 56 or any other motion except as provided in Rule 41(b), M.R.Civ.P. Eisemann v. Hagel (1971), 157 Mont. 295, 485 P.2d 703. A district court is required under Rule 52(a), M.R.Civ.P. in granting a motion under Rules 12 or 56 to specify the grounds therefore with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling. This may be done in the body of the order or in an attached opinion. In that light, the findings here are insufficient.

Accordingly, the order granting summary judgment in favor of the defendants in this case is reversed and the cause is remanded for further proceedings.

_____
                              John C. Sheehy
                                  Justice

We Concur:

_____

10

John Conway Harrison

William E Hunt Sr

P.C. McDonough
                Justices

Mr. Justice L. C. Gulbrandson, dissenting.

Although I agree with most of the statements in the majority opinion regarding the use of Rule 56(c), M.R.Civ.P., I do not concur with the holding that, unless the right to a hearing on a Rule 56 motion has been specifically waived, either the movant or the adverse parties are entitled to a hearing.

In view of the long history of conforming the Montana Rules of Civil Procedure to the Federal Rules, both in enactment and in interpretation, I would look to the Federal practice and authorities for guidance in interpreting the interplay between Rule 2, M.U.D.C.R. and Rule 56(c), M.R.Civ.P.

Rule 2, M.U.D.C.R., for all practical purposes, has the same procedural effect as Rule 220-1 of the Rules of Procedure for the District of Montana. Rule 220-1 has been construed by the Federal Judges for the District of Montana as not being inconsistent with Rule 56(c), F.R.Civ.P., and I would construe Rule 2, M.U.D.C.R., in the same manner.

Rule 2, M.U.D.C.R., does not distinguish between the types of motions to which it applies, does not conflict with the provisions for the filing of affidavits, but does set a briefing schedule applicable to all motions and refers to time enlargement by the court.

In addressing concern whether a hearing is automatically triggered by the filing of a motion for summary judgment, the Ninth Circuit Court of Appeals in Dredge Corp. v. Penny, supra, held that "a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied" and further held that district courts may provide by rule that a

12

party desiring oral argument must request the same or be deemed to have waived it. Although the Ninth Circuit Court prefers that oral argument be afforded on non-frivolous motions for summary judgment, Demarest v. United States (9th Cir. 1983), 718 F.2d 964, a Federal District Court's failure to grant such hearing does not constitute error in the absence of prejudice. Fernhoff v. Tahoe Regional Planning Agency (9th Cir. 1986), 803 F.2d 979.

In my view, the presiding District Judge properly recognized that under Rule 56, the opposing party is not required to file an affidavit in opposition, or other material, and is still entitled to a denial of the motion for summary judgment where the materials on file are insufficient on their face or said materials demonstrate the existence of a genuine issue as to any material fact. Hamilton v. Keystone Tankship Corp. (9th Cir. 1976), 539 F.2d 684.

In my view, the District Judge did not apply Rule 2, M.U.D.C.R., and his local rule regarding oral argument, in a manner inconsistent with Rule 56, M.R.Civ.P.

The order appealed from states:

> This matter is before the Court on motions for summary judgment by several Defendants. The Defendants have all submitted briefs and supporting affidavits: Plaintiffs have wholly failed to respond or to request an extension of time in which to answer. Thus, pursuant to Rule 2, M.U.D.C.R., Plaintiffs are deemed to have admitted that the motions are well taken. The Court, having reviewed the record and the applicable law in a light most favorable to Plaintiffs (in the absence of their objection), now makes the following:

and thereafter is set forth detailed findings, perhaps not usual in summary judgment proceedings, but indicative of the

13

thoroughness with which the District Judge considered all the material on file.

The findings as to defendants Omis Short and Tami Welch include the following:

> 12. The Plaintiffs have raised no questions of material fact concerning their allegations against these Defendants.

In addition, the District Judge, in ruling on plaintiff's motion to set aside Findings, Conclusions, and Order, stated:

> Aside from Plaintiff's tacit admission that the motions were well taken, the file, depositions, and Defendants' motions for summary judgment failed to disclose any issues of material fact by which Plaintiff could sustain her cause of action.

In view of the fact that plaintiff's counsel made no response, for a period of two months, to the motion for summary judgment, I would affirm.

_____
Justice

14