No. 97-089

# IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

BALYEAT LAW, P.C., as trustee,

Plaintiff and Respondent,

v.

KEVIN J. PETRI and PATSY A. PETRI,
a/k/a BRANDY PETRI,

Defendants and Appellants.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Bryan Charles Tipp, Raymond P. Tipp, Tipp & Buley, Missoula, Montana

For Respondent:

Regan Whitworth, H. John Balyeat, Balyeat Law Offices, Missoula, Montana

Submitted on Briefs: November 6, 1997

Decided: December 18, 1997

**FILED**

DEC 18 1997

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Group.

Kevin and Patsy Petri appeal from an order of the Fourth Judicial District Court, Missoula County, dated August 21, 1989, granting summary judgment to Balyeat Law Office, P.C., as trustee for Browning Ferris Industries, Community Medical Center and various creditors (Balyeat) and against the Petris in the sum of $4,414.82, including costs, accruing costs and interest in the amount of 10% per annum. We reverse and remand as to Kevin; we dismiss Patsy's appeal with prejudice.

## Background

On January 31, 1989, Balyeat filed its complaint against the Petris requesting damages and costs in an action on an open account and in connection with the Petris' issuance of an NSF check. Balyeat also prayed for certain other statutory damages in connection with the underlying claims and for costs and interest. Patsy Petri (Patsy) was served with a copy of the complaint and a summons on February 3, 1989; Kevin Petri (Kevin) was served with a copy of the complaint and summons on February 9, 1989. Patsy did not appear; Kevin appeared by counsel on March 13, 1989, and filed a motion to dismiss. The record indicates that the District Court denied his motion to dismiss on March 23, 1989. Kevin filed his

2

answer on April 13, 1989, denying the substantive allegations in Balyeat's complaint.

On July 14, 1989, Balyeat filed a motion for summary judgment with a supporting brief. Attachments to the brief included affidavits, statements of account and various documents supporting the motion and Balyeat's claims. The certificate of mailing on the motion for summary judgment and supporting brief states that copies were served by mail on all parties or their counsel of record, postage prepaid. The record reflects that Kevin did not oppose the motion for summary judgment with objections or affidavits; he simply did not appear.

As indicated above, on August 21, 1989, without a hearing, the Hon. Jack L. Green entered judgment against Kevin and Patsy for the sums demanded in the complaint, plus costs and interest. Balyeat did not file and serve the notice of entry of judgment until December 2, 1996. The Petris thereafter filed a notice of appeal on December 16, 1996, and an amended notice of appeal on January 2, 1997, from the summary judgment entered by the District Court in August 1989.

On June 23, 1997, we remanded this case to the Fourth Judicial District Court, Missoula County, to make findings regarding any payments made by Kevin on the judgment including the dates and amounts of the payments made, if any. After a hearing on August 14, 1997, the Hon. John W. Larson entered findings of fact, conclusions of law and an order in which he ruled that although Kevin had made certain payments totaling $350 to Balyeat during the period 1992 -1994, there was no basis to conclude that those payments were made

3

pursuant to the August 1989 judgment as Kevin was unaware that the judgment had been entered against him. Judge Larson also found that counsel then representing Kevin was unaware that judgment had been entered, having stated in his affidavit that he had not received any document (including the motion and brief for summary judgment) filed after his initial appearance on March 3, 1989. Moreover, counsel's affidavit raised a number of other apparent irregularities in connection with the service of documents upon him.

## Discussion

On appeal, the Petris contend the District Court erred in granting summary judgment against them without first setting or holding a hearing on the motion for summary judgment and because the court's order fails to specify the grounds for and the rationale underlying the ruling. The Petris argue that the issue presented here was settled by this Court's decision in Cole v. Flathead County (1989), 236 Mont. 412, 771 P.2d 97. In Cole we held that unless the right to hearing on a Rule 56, M.R.Civ.P., (summary judgment) motion is specifically waived by all parties (and not waived simply by the failure to file briefs), either the movant or the adverse party is entitled to a hearing under Rule 56, in the ordinary case. Cole, 771 P.2d at 101. We agree with this argument as to Kevin, but we disagree as to Patsy.

Our decision in Cole is directly on point. Since Kevin had entered his appearance in this case denying liability for the damages claimed in Balyeat's complaint and since he had not waived a hearing on Balyeat's summary judgment motion, he was entitled to be heard before summary judgment was granted. Moreover, the District Judge then presiding should

4

have specified the grounds and his rationale for granting Balyeat's summary judgment motion. Rule 52(a), M.R.Civ.P. The court committed reversible error in not setting the summary judgment motion for hearing and in not complying with Rule 52(a).

Balyeat argues that Kevin's appeal is barred by estoppel or laches. We disagree. Balyeat did not serve notice of entry of judgment on Kevin until December 2, 1996. Since he had appeared, Kevin was entitled to notice of entry of judgment (Rule 77(d), M.R.Civ.P.), and his appeal time did not commence until notice of entry of judgment was served upon him. Marriage of Robertson (1989), 237 Mont. 406, 411, 773 P.2d 1213, 1216. Once served with notice of entry of judgment, Kevin thereafter appealed within the time limits specified by Rule 5(a)(1), M.R.App.P. While Balyeat argues that the equitable doctrine of laches should bar Kevin from his appeal, we are not cited to any case authority wherein this Court has applied that doctrine to bar the filing of an otherwise timely notice of appeal. Whether some future case might present such a fact situation, we are satisfied that this is not the case. Similarly, we are not persuaded by Balyeat's argument that Kevin should be estopped from his appeal because he had made payments on the judgment and knew of the judgment being entered against him. The short answer to both of Balyeat's arguments is that Judge Larson found that neither Kevin nor his counsel were aware that the motion for summary judgment had been filed and granted nor did Kevin make any payments on the judgment once it was entered.

As to Patsy, we agree with Balyeat that her appeal is time-barred. Since she failed to

appear in the lawsuit after having been served with the summons and complaint, Patsy was not entitled to notice of service of Balyeat's motion for summary judgment. Rule 5(a), M.R.Civ.P. ("[n]o service need be made on parties in default for failure to appear . . . ."). Moreover, and for the same reason, she was not entitled to notice of entry of judgment once summary judgment was entered against her. Rule 77(d), M.R.Civ.P. Patsy's appeal time clearly ran out 30 days after entry of the order for summary judgment on August 21, 1989. Rule 5(a)(1), M.R.App.P. Accordingly, her appeal has long since been time-barred and the issues she raises will not be considered further.

As to Kevin, we reverse the court's order granting summary judgment, and we remand for further proceedings. As to Patsy, we dismiss her appeal with prejudice.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

6

Justice W. William Leaphart, dissenting.

I dissent. The Court cites Cole v. Flathead County (1989), 236 Mont. 412, 771 P.2d 97, for the proposition that unless the right to a hearing on a Rule 56 summary judgment motion is specifically waived by all parties, either the movant or the adverse party is entitled to a hearing in the ordinary case. However, we also stated in Cole that there may be situations where the movant would be so clearly entitled as a matter of law to a summary judgment that the district court might, by order, dispense with the necessity of a hearing. Cole, 771 P.2d at 101. In light of the state of the record in this case, including the various attachments to Balyeat's brief in support of the motion for summary judgment, I conclude with regard to Kevin Petri, that this is such a case. While it would have been preferable for the District Court to hold a hearing and support its order for summary judgment with findings of fact and a rationale, the court did not commit reversible error in entering summary judgment for the relief demanded in the complaint on the basis of the affidavits and documents it had before it, particularly where neither of the parties provided any evidence or affidavits in opposition to the summary judgment motion. I would affirm as to Kevin Petri and dismiss Patsy's appeal with prejudice.

_____
                    Justice

Justice William E. Hunt, Sr., and Justice Terry N. Trieweiler join in the foregoing dissent.

_____

_____
                    Justices

7

December 18, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:
RAYMOND P. TIPP
TIPP & BULEY
PO BOX 3778
MISSOULA MT 59806-3778

H. JOHN BALYEAT & REGAN WHITWORTH
BALYEAT LAW OFFICES
704 WEST SUSSEX
MISSOULA MT 59801

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy