No. 99-204

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 235

296 Mont. 145

988 P.2d 302

JANICE LINN, M.D.,

Plaintiff and Appellant,

v.

CITY COUNTY HEALTH DEPARTMENT,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Janice Linn, M.D., Pro Se; Billings, Montana

For Respondent:

Dennis Paxinos, Yellowstone County Attorney; Casey Heitz, Deputy

County Attorney; Billings, Montana

_____

Submitted on Briefs: July 22, 1999

Decided: September 30, 1999

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

1. ¶The Plaintiff, Janice Linn, M.D., brought this action in the District Court for the Thirteenth Judicial District in Yellowstone County to recover damages for breach of contract and breach of the covenant of good faith and fair dealing from the Defendant, Yellowstone City-County Health Department (YCCHD). The District Court awarded summary judgment to the Defendant. Linn appeals from the judgment of the District Court. We reverse and remand for further proceedings.

2. ¶Although the Appellant raises a number of issues, we limit our consideration to the following issue:

Did the District Court abuse its discretion when it awarded summary judgment without affording the Plaintiff a hearing?

## FACTUAL BACKGROUND

1. ¶Dr. Linn and YCCHD executed a written agreement on April 24, 1996. The agreement provided that YCCHD would pay Dr. Linn an hourly rate for her services which were to be "mutually scheduled" by the parties. The agreement did not guarantee a minimum number of hours or a specific length of service. However, it did require that either party must provide 30-days' notice of an intention to terminate the agreement.

2. ¶YCCHD did not schedule Dr. Linn to work after October 15, 1996. YCCHD asserts that pursuant to the agreement, it had no obligation to schedule Dr. Linn and

that it did not give Dr. Linn 30-days' notice because the agreement was still in effect. Dr. Linn asserts that YCCHD had no intention of using her services after October 15; and that in effect she was terminated without 30-days' notice in violation of her contract.

3. ¶In November 1998, YCCHD filed a motion for summary judgment. The District Court scheduled a summary judgment hearing for February 5, 1999. Dr. Linn then moved to have the hearing rescheduled. The District Court rescheduled the hearing for February 12, 1999. Before the hearing was held, however, and without prior notice, the District Court granted YCCHD's motion for summary judgment on January 26, 1999.

## STANDARD OF REVIEW

1. ¶We review discretionary trial court rulings for an abuse of discretion. *May v. First Nat'l Pawn Brokers, Ltd.* (1995), 270 Mont. 132, 134, 890 P.2d 386, 388. In *Montana Rail Link v. Byard* (1993), 260 Mont. 331, 337, 860 P.2d 121, 125, we held that "[t]he standard of abuse of discretion is applied to discretionary rulings, such as trial administration issues, post-trial motions and similar rulings." (Citing *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.) Since we have previously held that in extraordinary circumstances, a hearing is not necessary prior to an order granting summary judgment, we will review the District Court's decision to deny a hearing for an abuse of discretion.

2. ¶Did the District Court abuse its discretion when it granted summary judgment without affording the Plaintiff a hearing?

3. ¶Summary judgment is only proper when there are no issues of material fact revealed in the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, and the moving party is entitled to judgment as a matter of law. M.R. Civ.P. 56(c). In the ordinary case, the parties have a right to a summary judgment hearing unless the hearing is explicitly waived. In *Cole v. Flathead County* (1989), 236 Mont. 412, 418, 771 P.2d 97, 101, we stated that:

In view of the language of Rule 56(c), and having in mind that the granting of such a motion disposes of the action on the merits, with prejudice, a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied.

In fact, we have held that "a district court may allow a party to testify at a summary judgment hearing in order to establish the existence of genuine factual issues." *See Konitz v. Claver*, 1998 MT 27, ¶ 31, 287 Mont. 301, ¶ 31, 987 P.2d 1138, ¶ 31. We have also made allowance for the unusual case, however, by holding that, "[t]here may be an occasion when under the law and the facts adduced, the movant would be so clearly entitled as a matter of law to a summary judgment that a district court might by order dispense with the necessity of a hearing." *Cole*, 236 Mont. at 419, 771 P.2d at 101.

1. ¶In this case, both parties cite *Cole v. Flathead County* in support of their respective positions. Dr. Linn concludes that she was entitled to a hearing. YCCHD concludes that because this is an extraordinary case, no hearing was required. Its position, with which the District Court agreed, is that for practical purposes, it had no obligation to provide work to Dr. Linn, and that, therefore, it could neither have breached the contract nor the covenant of good faith by failing to do so. However, the Defendant's argument and the District Court's decision were made prior to this Court's decision in *Larson v. Green Tree Financial Corp.*, 1999 MT 157, 56 St.Rep. 618, 983 P.2d 357.
2. ¶We conclude that based on that decision, as applied to the facts in this case, that the Defendant was not so clearly entitled to judgment as a matter of law as to make this case the exception to the general rule that a party is entitled to a hearing before having her claim dismissed by summary judgment.
3. ¶For these reasons, we reverse the judgment of the District Court and remand for further proceedings consistent with this opinion and the consideration of this case in light of our *Larson* decision.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY

Justice James C. Nelson specially concurs.

1. ¶I concur in our decision. Hopefully, the remand hearing will resolve another problem with the District Court's decision. At page 4, lines 17 through 26 of its January 26, 1999 order and memorandum, the court concludes that the subject contract is unenforceable because the parties' performance is optional. At page 6, line 23, however, the court concludes that the contract is still in place. Both of these are legal conclusions, as opposed to factual determinations. Thus, we are presented with an unenforceable contract that is still in place -- two legal conclusions that appear to me, at least, to be at odds with one another. I am not persuaded that an unenforceable contract is still "in place." Likewise, I am not persuaded that if the contract is still "in place" that it is not enforceable.

2. ¶My reading of Dr. Linn's position on appeal is that she wants to present factual matters that go to breach via a summary judgment hearing. However, because of the aforementioned legal conclusions (and without passing on the correctness of either, one way or the other), a summary judgment hearing as to the facts is pretty much beside the point. If the contract is truly unenforceable breach is irrelevant. On the other hand, if the contract is "in place," then Dr. Linn is entitled to present evidence regarding breach in opposition to summary judgment.

3. ¶I agree with our decision to remand this case for a summary judgment hearing. Frankly, I am at a loss as to how else these legal issues are going to be otherwise resolved

/S/ JAMES C. NELSON