DA 09-0294

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 453

JOHN RICHARDS,

       Plaintiff and Appellant,

GREENOUGH CITIZEN'S LEAGUE, INC.,

       Plaintiff-Intervenor,

    v.

COUNTY OF MISSOULA, a political subdivision
of the State of Montana, and MONTANA
DEPARTMENT OF FISH WILDLIFE & PARKS,
a department within the State of Montana,

       Defendants and Appellees,

BLACKFOOTERS FOR RESPONSIBLE
RURAL GROWTH,

       Defendant-Intervenor.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DV 07-1635
                Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Richard A. Reep, Reep & Bell, P.C., Missoula, Montana

       For Appellees:

              Fred Van Valkenburg, Missoula County Attorney; D. James McCubbin,
              Deputy County Attorney; Missoula, Montana (Missoula County)

              William A. Schenk and Robert N. Lane, Special Assistant Attorneys
              General; Helena, Montana (Fish, Wildlife and Parks)

Submitted on Briefs:  November 4, 2009

Decided:  December 31, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      John Richards (Richards) appeals the Order of the Fourth Judicial District, Missoula County, granting summary judgment to Montana Department of Fish, Wildlife & Parks (FWP), and the County of Missoula (County).  We affirm.

¶2      We review the following issues on appeal:

¶3      *Whether the District Court abused its discretion in failing to hold a hearing on the motions for summary judgment?*

¶4      *Whether the District Court applied the appropriate standard of review in ruling on the parties' motions for summary judgment?*

¶5      *Whether the District Court abused its discretion by denying additional time for discovery before ruling on the motions for summary judgment?*

¶6      *Whether the District Court abused its discretion by denying the motion to quash the affidavit of a County employee?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶7      Richards submitted an application to the County for a 119-lot subdivision near Clearwater Junction in the fall of 2006.  The Missoula County Board of Commissioners (Board) denied Richards's proposed Clearwater Meadows Ranch after a hearing on January 10, 2007, based upon concerns over the proposed density.  The County allowed Richards to revise his subdivision proposal without having to resubmit a new subdivision application. Richards's modified proposal called for a 59-lot subdivision.

¶8 The Board held a hearing on September 19, 2007, concerning Richards's revised proposed 59-lot subdivision. Missoula County Rural Initiatives (RI) staff and FWP staff raised concerns at the hearing. RI and FWP staff opined that the proposed density, one dwelling per 3.4 acres, would impact negatively nearby Blanchard Creek and would increase wildlife/human interactions. FWP expressed concern that Richards's proposed development would impact negatively a critical wildlife migration corridor in the area. RI and FWP recommended a reduction in the number of lots from 59 to 20. This reduction would have resulted in one dwelling per 10 acres.

¶9 Richards proposed a mitigation strategy of erecting a wildlife fence around the perimeter of the subdivision to negate wildlife/human interactions and protect the migration corridor. FWP argued that a wildlife fence would further disrupt the wildlife corridor. The Board voted unanimously following the hearing to deny Richards's application based upon these concerns.

¶10 Richards filed an action on November 30, 2007, in which he alleged that the Board had acted arbitrarily and capriciously in denying his application. Richards requested damages against the County under § 76-3-625, MCA, and claimed damages against FWP under the Private Property Assessment Act, § 2-10-101, MCA, *et seq*.

¶11 The County provided Richards with the entire public record, over 6,000 pages, related to his subdivision application. FWP also provided Richards with over 6,000 pages of documents during discovery. FWP moved for summary judgment in May 2008, and the County moved for summary judgment in August 2008. The County attached various

4

affidavits to its motion for summary judgment. Richards opposed both motions and requested additional time for discovery pursuant to M. R. Civ. P. 56(f).

¶12 Richards also filed a motion to quash the attached affidavit of Missoula County Planner Tim Worley. Richards argued that the public record upon which the Board based its decision did not include Worley's affidavit. Richards contended that the County's effort to include Worley's affidavit violated M. R. Civ. P. 56(e). Richards further argued that Worley had not based his affidavit upon personal knowledge, and that the affidavit would not be admissible as evidence.

¶13 Richards and FWP jointly moved for a scheduling order and requested a settlement conference. The District Court ordered the parties to attend a settlement conference on January 29, 2009. The order further provided that the court would issue a scheduling order if the parties did not settle. The parties failed to settle the case.

¶14 The District Court ruled on the outstanding motions on April 17, 2009, without a hearing. Richards made no attempt to conduct further discovery before the court's ruling on the summary judgment motions. Richards did not request a hearing on the outstanding summary judgment motions. The court denied Richards's motion to quash Worley's affidavit, denied Richards's requests for damages, and granted both FWP's and the County's motions for summary judgment. Richards appeals.

## DISCUSSION

5

¶15 *Whether the District Court abused its discretion in failing to hold a hearing on the motions for summary judgment?*

¶16 Richards argues that the court abused its discretion by granting summary judgment without first conducting a hearing. We review for abuse of discretion a district court's decision to deny a hearing on a summary judgment motion. *SVKV, LLC v. Harding*, 2006 MT 297, ¶ 19, 334 Mont. 395, 148 P.3d 584. Summary judgment represents an extreme remedy and should be granted only when there are no issues of material fact such that the moving party is entitled to judgment as a matter of law. *Cole v. Flathead County*, 236 Mont. 412, 415-16, 771 P.2d 97, 99 (1989); M. R. Civ. P. 56(c).

¶17 Previously we have held that a hearing may not be necessary in "extraordinary circumstances" before an order granting summary judgment. *Linn v. City County Health Dept.*, 1999 MT 235, ¶ 6, 296 Mont. 145, 988 P.2d 302. This rule originated in *Cole*, where this Court stated that there may be an occasion where the movant is so "clearly entitled" as a matter of law to summary judgment that the district court may dispense with the need for a hearing. *Cole*, 236 Mont. at 419, 771 P.2d at 101.

¶18 FWP and the County argue that this case presents an extraordinary circumstance where they clearly are entitled to summary judgment without a hearing. A hearing on a summary judgment motion allows the non-moving party to establish the existence of genuine issues of material fact that would defeat summary judgment. *Virginia City v. Olsen*, 2002 MT 176, ¶ 23, 310 Mont. 527, 52 P.3d 383. FWP and the County contend that Richards could not establish *material* fact issues even if allowed the opportunity for a hearing.

6

¶19 Richards raises one argument in support of his right to a hearing. Richards points to the internal memorandum by an unnamed FWP employee included in the 6,000 pages of discovery provided by FWP on February 25, 2008. The memorandum's author believed that Richards's proposed development "lends itself particularly well to a fencing strategy." Richards contends that he should have been allowed to discover the unnamed FWP employee who authored the memorandum in an effort to demonstrate that his mitigation strategy represented a reasonable alternative to the wildlife/human interaction problem.

¶20 The record before the Board establishes, however, that FWP did consider the wildlife fence as a viable option. FWP Regional Wildlife Manager Mike Thompson testified at the September 19, 2007, public hearing that FWP had considered Richards's fencing strategy. Thompson testified, as noted in the District Court's opinion, that an electric fence was indeed "one possibility." Richards knew at the time of the public hearings before the Board that FWP had considered his proposed fence as a mitigation strategy. Richards had the opportunity at the hearing before the Board to rebut and challenge FWP's ultimate opinion that the proposed fencing did not present a viable alternative.

¶21 In fact, Richards's own experts testified before the Board. Richards's experts had conducted site-specific wildlife analysis to determine whether the subdivision would impact wildlife in the area. Richards's experts testified that the subdivision and proposed wildlife fencing would mitigate adequately any impacts. Richards's experts further testified that FWP's conclusions did not rely on scientific data.

¶22 The Board possessed the discretion to weigh this conflicting evidence and reach a decision. *Christianson v. Gasvoda*, 242 Mont. 212, 214-15, 789 P.2d 1234, 1235-36 (1990). The record may contain conflicting evidence so long as a substantial amount of evidence supports the Board's decision and the Board explains why they weighed certain evidence as more credible than other evidence. *Englin v. Board of County Commrs.*, 2002 MT 115, ¶¶ 20, 27, 310 Mont. 1, 48 P.3d 39.

¶23 The record before the Board included comments, testimony, and supporting documents of employees from FWP and other state and local agencies that had collected and reviewed scientific data pertinent to the area proposed for subdivision. The record contained years of statistical data regarding wildlife issues in the Clearwater Junction area. The Board weighed this information and testimony in reaching its conclusion that Richards's subdivision would impact wildlife migration negatively.

¶24 The District Court noted that it "thoroughly reviewed every document and exhibit" in the existing record before the Board. The Board had complied with every substantive requirement of the Montana Subdivision and Platting Act in reviewing Richards's proposal. The District Court determined that it could review only the *existing* record to see whether the Board had acted arbitrarily or capriciously. *Kiely Constr., LLC v. City of Red Lodge*, 2002 MT 241, ¶ 69, 312 Mont. 52, 57 P.3d 836. Further, the court recognized that it could not substitute its judgment for that of the Board's to determine whether the Board's decision had been correct. *North Fork Preservation Assn. v. Dept. of State Lands*, 238 Mont. 451, 457, 778 P.2d 862, 866 (1989).

8

¶25 Substantial credible evidence outlined in the Board's findings of fact and conclusions of law, and included in the entire public record, supports the Board's decision to deny Richards's subdivision application. The District Court cannot substitute its judgment for the Board's. *North Fork Preservation*, 238 Mont. at 457, 778 P.2d at 866. One lone FWP memorandum would not raise an issue of material fact that would warrant a hearing in this instance. The public hearings before the Board raised and addressed FWP's consideration of the fencing strategy.

¶26 Richards's action presents an exceptional circumstance where a hearing would not have added anything to the proceedings. The District Court record included all material items long before the District Court ruled on the summary judgment motions. The District Court properly reviewed the record before the Board and correctly concluded that the FWP internal memorandum failed to raise a genuine issue of material fact that would in any way affect the denial of Richards's subdivision application.

¶27 *Whether the District Court applied the appropriate standard of review in ruling on the parties' motions for summary judgment?*

¶28 Richards argues that the District Court improperly applied an abuse of discretion standard in granting FWP and the County judgment as a matter of law. Section 76-3-625, MCA, requires the District Court, and this Court, to review the existing record to determine if the County acted arbitrarily, capriciously, or unlawfully. *Madison River R.V. Ltd. v. Town of Ennis*, 2000 MT 15, ¶ 30, 298 Mont. 91, 994 P.2d 1098.

9

¶29 Richards argues that the court never determined the absence of any genuine issues of fact, and addressed only whether the Board acted arbitrarily or capriciously. Any order of a court granting a motion under M. R. Civ. P. 56 "shall specify the grounds thereof with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling." M. R. Civ. P. 52(a). M. R. Civ. P. 52(a) does not require a district court to state explicitly that no genuine issues of material fact exist. M. R. Civ. P. 52(a) requires a district court to provide a rationale underlying its decision.

¶30 The District Court provided a wealth of reasoning for its decision. The court reviewed the Board's findings of facts and conclusions of law and the entire public record. The court noted that clear and convincing evidence supported the Board's decision to deny Richards's proposal. The overwhelming evidence and absence of disputed fact entitled FWP and the County to summary judgment.

¶31 The District Court correctly reviewed the existing record to determine whether the Board had acted arbitrarily, capriciously, or unlawfully in denying Richards's application. This Court's decisions in *Kiely* and *Madison R.V.* require nothing more. Our review confirms that the District Court applied the correct summary judgment standard.

¶32 *Whether the District Court abused its discretion by denying additional time for discovery before ruling on the motions for summary judgment?*

¶33 Richards argues that the District Court abused its discretion in denying additional time for discovery. We review for abuse of discretion a district court's ruling on a motion for additional discovery pursuant to M . R. Civ. P. 56(f). *Stanley v. Holms*, 1999 MT 41, ¶ 19,

293 Mont. 343, 975 P.2d 1242. A district court does not abuse its discretion in denying a Rule 56(f) motion where the party opposing the motion for summary judgment fails to establish how the proposed discovery could preclude summary judgment. *Stanley*, ¶ 19.

¶34 The party opposing the summary judgment motion in *Stanley* claimed that it needed more time to obtain a letter and take depositions, but the party failed to establish how this proposed discovery would establish new facts that would preclude summary judgment. *Stanley*, ¶ 20. Richards claims only that he needed more time to discover the author and intended recipient of the FWP memorandum regarding his wildlife fencing strategy. Richards fails to establish, however, how this proposed discovery could preclude summary judgment.

¶35 Richards first served discovery requests on the County and FWP in January 2008. FWP provided the memorandum in the thousands of pages of discovery that it delivered to Richards on February 25, 2008. Richards first requested more time for discovery in late June 2008, when he opposed FWP's motion for summary judgment. At no point during the period between January and June of 2008, however, did Richards ever request additional discovery from FWP regarding the memorandum. Richards also failed to set forth how this additional discovery would preclude summary judgment even after the County and FWP had moved for summary judgment.

¶36 The Board heard testimony from FWP employees regarding FWP's consideration of the fence and from Richards's own experts. To have allowed Richards more discovery to identify the source of the FWP memorandum and the author's reasoning would not have

11

established any new facts. The Board had before it at the public hearing all the issues and opinions regarding the fencing strategy when it made its decision. A vast majority of the evidence presented to the Board by FWP opposed Richards's fencing strategy.

¶37 The Board adequately weighed all the evidence presented, including conflicting evidence, in reaching its decision. *Christianson*, 242 Mont. at 214-15, 789 P.2d at 1235-36; *Madison River R.V.*, ¶¶ 30-39. The District Court, sitting on judicial review of the Board's decision, properly reviewed the record and concluded that the new discovery proposed by Richards could not defeat summary judgment.

¶38 *Whether the District Court abused its discretion by denying the motion to quash the affidavit of a County employee?*

¶39 The County attached an affidavit of county planner Tim Worley in support of its motion for summary judgment. Richards argues that Worley's affidavit lacks personal knowledge and that Worley is unqualified as an expert to render his opinion on the ultimate issue. We review a district court's admission or exclusion of evidence for an abuse of discretion in the context of a summary judgment ruling. *Apple Park, LLC v. Apple Park Condominiums, LLC*, 2008 MT 284, ¶ 12, 345 Mont. 359, 192 P.3d 232.

¶40 Worley attached a table to his affidavit that merely indexed documents in the public record with each of the Board's corresponding findings of fact and conclusions of law. The District Court noted that this table assisted the court only in locating documents in the Board's "voluminous records." The court explicitly stated that it had not considered the contents of Worley's affidavit in making its summary judgment ruling. The District Court

12

used Worley's affidavit only to navigate the existing record presented to the Board. The District Court did not abuse its discretion in using Worley's affidavit in this fashion.

¶41　　Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART

Justice James C. Nelson dissents.

¶42　　I dissent from the Court's decision as to Issue 1 and would reverse and remand for a summary judgment hearing as to that issue. Accordingly, I do not reach Issues 2 through 4.

¶43　　For more than two decades it has been the well-settled rule in Montana "that unless the right to a hearing on a Rule 56 motion is specifically waived by all parties . . . either the movant or the adverse parties are entitled to a hearing under Rule 56 in the ordinary case." *Cole v. Flathead County*, 236 Mont. 412, 419, 771 P.2d 97, 101 (1989). In *Cole*, the Montana Supreme Court reviewed the requirements of M. R. Civ. P. 56(c) within the context of Uniform District Court Rule 2 on motions for summary judgment. This Court stated that in light of the fact that "the granting of such a [summary judgment] motion disposes of the action on the merits, with prejudice, a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party

13

opposing the motion unless the motion for summary judgment is denied." *Cole*, 236 Mont. at 418, 771 P.2d at 101.

¶44 Moreover, we stated in *Cole* that "[t]here may be an occasion when under the law and the facts adduced, the movant would be so clearly entitled as a matter of law to a summary judgment that a district court might *by order dispense with the necessity of a hearing*." *Cole*, 236 Mont. at 419, 771 P.2d at 101 (emphasis added). However, in the instant case, the District Court did not, by order, dispense with the necessity of a hearing or make any suggestion that the court's decision without hearing was imminent. Rather, in its January 5, 2009 order, the District Court ordered a settlement conference and expressly stated "[t]his matter shall be held in abeyance until the conclusion of the settlement conference. If the parties are unable to negotiate a settlement at the settlement conference, *this Court shall issue a case scheduling order* [emphasis added]."

¶45 Following our decision in *Cole*, we reversed the trial court's decision granting summary judgment in a breach of contract case and remanded for hearing. In *Linn v. City County Health Dept.*, 1999 MT 235, ¶ 1, 296 Mont. 145, 988 P.2d 302, Linn brought an action to recover damages for breach of contract and breach of the covenant of good faith and fair dealing. In due course, the County moved for summary judgment. The district court scheduled a summary judgment hearing; the hearing was rescheduled on motion of Linn. Before the hearing was held, however, the trial court, without prior notice, granted the County's motion for summary judgment. *Linn*, ¶ 5. We reversed and remanded for a summary judgment hearing. Citing *Cole* and M. R. Civ. P. 56(c), we stated that the parties

have a right to a summary judgment hearing *"unless the hearing is specifically waived."* *Linn*, ¶ 8 (emphasis added). Importantly, we also observed that " 'a district court may allow a party to testify at a summary judgment hearing in order to establish the existence of genuine factual issues.' " *Linn*, ¶ 8 (citing *Konitz v. Claver*, 1998 MT 27, ¶ 31, 287 Mont. 301, 954 P.2d 1138).

¶46 Subsequently, this Court again reviewed the procedure applicable to M. R. Civ. P. 56 motions. In *Virginia City v. Olsen*, 2002 MT 176, 310 Mont. 527, 52 P.3d 383, a contractor working pursuant to an issued permit was ordered to cease construction and later had building permits revoked because of allegations of setback violations. Virginia City filed a complaint and an application for preliminary injunction. The parties filed cross-motions for summary judgment. The District Court made findings and issued an order granting summary judgment to Virginia City without holding a hearing. *Virginia City*, ¶¶ 4-11. The contractor appealed and, again citing *Cole*, this Court reversed and remanded for further proceedings after noting the right of a party to a hearing on summary judgment *"unless the hearing is explicitly waived."* *Virginia City*, ¶ 15. As here, the *Virginia City* district court did not issue an order dispensing with the necessity of a hearing. Rather, we re-affirmed our holding in *Cole* and the requirement that a hearing take place or be expressly waived. *Virginia City*, ¶¶ 7-24.

¶47 Then, in 2006, we addressed the issue of whether a party's failure to request a hearing in the face of a requirement for such a request amounted to a specific or explicit waiver. In *SVKV, L.L.C. v. Harding*, 2006 MT 297, ¶ 14, 334 Mont. 395, 148 P.3d 584, the district

15

court issued a scheduling order after a scheduling conference in which the district court stated:

> [w]hen any motion has been fully briefed, oral argument if requested by any party has been held and the motion is submitted for decision, **one of the parties must so advise the Court by filing and serving a "*Notice of Submittal.*" Until such notice has been filed and served, the motion will not be deemed submitted for decision. Hearing on a motion for summary judgment is deemed waived unless a written request for hearing is submitted within the time period for filing the briefs on the motion.**

¶48    Following briefing, a "Notice of Submittal" was filed with the court without request for hearing. SVKV, ¶ 15. The appellant argued upon appeal that the grant of summary judgment without hearing violated M. R. Civ. P. 56 and *Cole*. However, we pointed out that the district court's bold-typed requirement in the scheduling order adequately complied with the *Cole* requirements by providing the parties an opportunity to request a hearing without deterring or precluding a party from making such a request. *SVKV*, ¶¶ 35-36.[1]

¶49    Unlike in *SVKV*, the District Court here never issued a scheduling order, never provided that the parties would be required to request a hearing, and never established a date which would bar further affidavits or briefs. Indeed, no party to this proceeding could have determined when the court would render its decision for purposes of either providing

---

[1] I authored a lengthy concurrence and dissent in *SVKV* in which I argued much of what I argue here, and in which I concluded that this Court's analysis of the summary judgment issue, rested on a "flawed" and "cracked" foundation misinterpreting *Cole*, and which attributed to *Cole* a "waiver-by-inaction" rule that was never at issue in that case. *See SVKV*, ¶¶ 55-98 (Nelson, J., concurring and dissenting). Our decision in *SVKV* was wrongly decided as to the summary judgment issue, and, like our decision here, simply nails *Cole's* coffin more firmly shut.

16

additional evidence or for purposes of making a request for hearing. In fact, the District Court's order suggests exactly the contrary outcome. In its order for settlement conference dated January 5, 2009, the trial court specifically declared that the court would issue a scheduling order upon the parties' failure to successfully settle the case in the ordered settlement conference. The court did not say that motions were deemed submitted; it did not say that Richards' pending motion for continuance of the motions for summary judgment pending further discovery was denied; it did not say that the court would not accept further argument or evidence on outstanding motions for summary judgment.

¶50 Instead, the District Court did the opposite—it assured the parties that the court would set a litigation schedule upon which the parties could rely. In short, the District Court's orders specifically misled Richards into believing that the court would schedule further proceedings—which would include, at a minimum, a summary judgment hearing to dispose of those motions. Richards was, properly, waiting for another order from the trial judge, when the court, without prior notice, pulled the rug out from under him. Richards had no obligation under the clear and unambiguous requirements of the trial court's orders to "request a hearing" as this Court appears to *sua sponte* and retroactively now require. Opinion, ¶ 14.

¶51 Most recently, we discussed the necessity of holding a hearing on motions for summary judgment in *Dollar Plus Stores v. R-Montana Associates,* 2009 MT 164, 350 Mont. 476, 209 P.3d 216. In *Dollar*, the District Court issued a scheduling order stating "[i]t shall be the responsibility of the moving party to advise the court either that the motions are

17

submitted on briefs or to request a hearing in accordance with Rule [6] of the Local Rules of the Fourth Judicial District." *Dollar*, ¶ 10. Motions for summary judgment were submitted and the appellant contended, among other issues, that it would have requested a hearing but for the preclusive language in the district court's scheduling order. *Dollar*, ¶ 36. This Court, however, held that the appellant had not been precluded or deterred from requesting a hearing and re-affirmed the holding in *SVKV* "that a district court can impose the burden on a party to request a hearing, but the court may not preclude or deter the parties from seeking a hearing." *Dollar*, ¶ 37. *Dollar* is an example of application of the *Cole* requirements—albeit as modified by *SVKV*—where a district court issues a scheduling order placing the parties on express notice that they must take steps to preserve their right to hearing. However, unlike *Dollar*, no scheduling order was issued here. The District Court imposed no burden upon Richards to request a hearing and established no deadlines by which argument or evidence would not be further received by the district court. Under the facts and procedural background of this case, the District Court clearly erred in not scheduling a hearing to, at a minimum, place the parties on notice of the last possible opportunity to provide argument or evidence on the issues pending.

¶52    In sum, the practicing bar should now appreciate that this Court, without overruling *Cole*, has nevertheless abandoned it for all practical purposes—the requirements of M. R. Civ. P. 56(c) to the contrary, notwithstanding. The practicing bar should realize that, irrespective of what the trial court may or may not order, unless the movant for or the party opposing summary judgment specifically and promptly requests a hearing on the motion, this

Court will, on appeal, either find or craft some exception to the *Cole* hearing requirement, in order to obviate it. The hearing "requirement" of *Cole* and M. R. Civ. P. 56(c) is now effectively dead. Indeed, it has now become little more than a trap for the unwary and needs to be avoided by the practitioner at all costs.

¶53 I would reverse and remand for a summary judgment hearing. I dissent from our refusal to do so.

/S/ JAMES C. NELSON

Justice Patricia O. Cotter joins in the Dissent of Justice James C. Nelson.


/S/ PATRICIA O. COTTER