JUSTICE NELSON
dissents.
¶42 I dissent from the Court’s decision as to Issue 1 and would reverse and remand for a summary judgment hearing as to that issue. Accordingly, I do not reach Issues 2 through 4.
¶43 For more than two decades it has been the well-settled rule in Montana “that unless the right to a hearing on a Rule 56 motion is specifically waived by all parties ... either the movant or the adverse parties are entitled to a hearing under Rule 56 in the ordinary case.” Cole v. Flathead County, 236 Mont. 412, 419, 771 P.2d 97, 101 (1989). In Cole, the Montana Supreme Court reviewed the requirements of M. R. Civ. P. 56(c) within the context of Uniform District Court Rule 2 on motions for summary judgment. This Court stated that in light of the fact that “the granting of such a [summary judgment] motion disposes of the action on the merits, with prejudice, a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied.” Cole, 236 Mont. at 418, 771 P.2d at 101.
¶44 Moreover, we stated in Cole that “[t]here may be an occasion when under the law and the facts adduced, the movant would be so clearly entitled as a matter of law to a summary judgment that a district court might by order dispense with the necessity of a hearing.” Cole, 236 Mont. at 419, 771 P.2d at 101 (emphasis added). However, in the instant case, the District Court did not, by order, dispense with the necessity of a hearing or make any suggestion that the court’s decision without hearing was imminent. Rather, in its January 5, 2009 order, the District Court ordered a settlement conference and expressly *343 stated “[t]his matter shall be held in abeyance until the conclusion of the settlement conference. If the parties are unable to negotiate a settlement at the settlement conference, this Court shall issue a case scheduling order [emphasis added].”
¶45 Following our decision in Cole, we reversed the trial court’s decision granting summary judgment in a breach of contract case and remanded for hearing. In Linn v. City County Health Dept., 1999 MT 235, ¶ 1, 296 Mont. 145, 988 P.2d 302, Linn brought an action to recover damages for breach of contract and breach of the covenant of good faith and fair dealing. In due course, the County moved for summary judgment. The district court scheduled a summary judgment hearing; the hearing was rescheduled on motion of Linn. Before the hearing was held, however, the trial court, without prior notice, granted the County’s motion for summary judgment. Linn, ¶ 5. We reversed and remanded for a summary judgment hearing. Citing Cole and M. R. Civ. P. 56(c), we stated that the parties have a right to a summary judgment hearing “unless the hearing is specifically waived. ” Linn, ¶ 8 (emphasis added). Importantly, we also observed that “ ‘a district court may allow a party to testily at a summary judgment hearing in order to establish the existence of genuine factual issues.’ ” Linn, ¶ 8 (citing Konitz v. Claver, 1998 MT 27, ¶ 31, 287 Mont. 301, 954 P.2d 1138).
¶46 Subsequently, this Court again reviewed the procedure applicable to M. R. Civ. P. 56 motions. In Virginia City v. Olsen, 2002 MT 176, 310 Mont. 527, 52 P.3d 383, a contractor working pursuant to an issued permit was ordered to cease construction and later had building permits revoked because of allegations of setback violations. Virginia City filed a complaint and an application for preliminary injunction. The parties filed cross-motions for summary judgment. The District Court made findings and issued an order granting summary judgment to Virginia City without holding a hearing. Virginia City, ¶¶ 4-11. The contractor appealed and, again citing Cole, this Court reversed and remanded for further proceedings after noting the right of a party to a hearing on summary judgment “unless the hearing is explicitly waived.” Virginia City, ¶ 15. As here, the Virginia City district court did not issue an order dispensing with the necessity of a hearing. Rather, we re-affirmed our holding in Cole and the requirement that a hearing take place or be expressly waived. Virginia City, ¶¶ 7-24.
¶47 Then, in 2006, we addressed the issue of whether a party’s failure to request a hearing in the face of a requirement for such a request amounted to a specific or explicit waiver. In SVKV, L.L.C. v. Harding, *344 2006 MT 297, ¶ 14, 334 Mont. 395, 148 P.3d 584, the district court issued a scheduling order after a scheduling conference in which the district court stated:
[w]hen any motion has been fully briefed, oral argument if requested by any party has been held and the motion is submitted for decision, one of the parties must so advise the Court by filing and serving a “Notice of SubmittalUntil such notice has been filed and served, the motion will not be deemed submitted for decision. Hearing on a motion for summary judgment is deemed waived unless a written request for hearing is submitted within the time period for filing the briefs on the motion.
¶48 Following briefing, a ‘Notice of Submittal” was filed with the court without request for hearing. SVKV, ¶ 15. The appellant argued upon appeal that the grant of summary judgment without hearing violated M. R. Civ. P. 56 and Cole. However, we pointed out that the district court’s bold-typed requirement in the scheduling order adequately complied with the Cole requirements by providing the parties an opportunity to request a hearing without deterring or precluding a party from making such a request. SVKV, ¶¶ 35-36.[1]
¶49 Unlike in SVKV, the District Court here never issued a scheduling order, never provided that the parties would be required to request a hearing, and never established a date which would bar further affidavits or briefs. Indeed, no party to this proceeding could have determined when the court would render its decision for purposes of either providing additional evidence or for purposes of making a request for hearing. In fact, the District Court’s order suggests exactly the contrary outcome. In its order for settlement conference dated January 5, 2009, the trial court specifically declared that the court would issue a scheduling order upon the parties’ failure to successfully settle the case in the ordered settlement conference. The court did not say that motions were deemed submitted; it did not say that Richards’ pending motion for continuance of the motions for summary judgment pending further discovery was denied; it did not say that the court *345 would not accept further argument or evidence on outstanding motions for summary judgment.
¶50 Instead, the District Court did the opposite-it assured the parties that the court would set a litigation schedule upon which the parties could rely. In short, the District Court’s orders specifically misled Richards into believing that the court would schedule further proceedings-which would include, at a minimum, a summary judgment hearing to dispose of those motions. Richards was, properly, waiting for another order from the trial judge, when the court, without prior notice, pulled the rug out from under him. Richards had no obligation under the clear and unambiguous requirements of the trial court’s orders to “request a hearing” as this Court appears to sua sponte and retroactively now require. Opinion, ¶ 14.
¶51 Most recently, we discussed the necessity of holding a hearing on motions for summary judgment in Dollar Plus Stores v. R-Montana Associates, 2009 MT 164, 350 Mont. 476, 209 P.3d 216. In Dollar, the District Court issued a scheduling order stating “[i]t shall be the responsibility of the moving party to advise the court either that the motions are submitted on briefs or to request a hearing in accordance with Rule [6] of the Local Rules of the Fourth Judicial District.” Dollar, ¶ 10. Motions for summary judgment were submitted and the appellant contended, among other issues, that it would have requested a hearing but for the preclusive language in the district court’s scheduling order. Dollar, ¶ 36. This Court, however, held that the appellant had not been precluded or deterred from requesting a hearing and re-affirmed the holding in SVAy“that a district court can impose the burden on a party to request a hearing, but the court may not preclude or deter the parties from seeking a hearing.” Dollar, ¶ 37. Dollar is an example of application of the Cole requirements-albeit as modified by SVNV-where a district court issues a scheduling order placing the parties on express notice that they must take steps to preserve their right to hearing. However, unlike Dollar, no scheduling order was issued here. The District Court imposed no burden upon Richards to request a hearing and established no deadlines by which argument or evidence would not be further received by the district court. Under the facts and procedural background of this case, the District Court clearly erred in not scheduling a hearing to, at a minimum, place the parties on notice of the last possible opportunity to provide argument or evidence on the issues pending.
¶52 In sum, the practicing bar should now appreciate that this Court, without overruling Cole, has nevertheless abandoned it for all practical *346 purposes-the requirements of M. R. Civ. P. 56(c) to the contrary, notwithstanding. The practicing bar should realize that, irrespective of what the trial court may or may not order, unless the movant for or the party opposing summary judgment specifically and promptly requests a hearing on the motion, this Court will, on appeal, either find or craft some exception to the Cole hearing requirement, in order to obviate it. The hearing “requirement” of Cole and M. R. Civ. P. 56(c) is now effectively dead. Indeed, it has now become little more than a trap for the unwary and needs to be avoided by the practitioner at all costs.
¶53 I would reverse and remand for a summary judgment hearing.! dissent from our refusal to do so.
JUSTICE COTTER joins in the Dissent of JUSTICE NELSON.

 I authored a lengthy concurrence and dissent in SVKV in which I argued much of what I argue here, and in which I concluded that this Court’s analysis of the summary judgment issue, rested on a “flawed” and “cracked” foundation misinterpreting Cole, and which attributed to Cole a “waiver-by-inaction” rule that was never at issue in that case. See SVKV, ¶¶ 55-98 (Nelson, J., concurring and dissenting). Our decision in SVKV was wrongly decided as to the summary judgment issue, and, like our decision here, simply nails Cole’s coffin more firmly shut.